# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:13-CV-03413-MDH |
| | ) | |
| DEANDRE SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 53). The Government moves to revoke Defendant's conditional release under 18 U.S.C. § 4246(f) on the grounds that Defendant failed to comply with the conditions of his release and his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (Doc. 36). Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Government's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The Magistrate Judge held a hearing pursuant to 18 U.S.C. § 4246(f) on February 25, 2020. (Doc. 74). Defendant offered no evidence or testimony at that hearing. (Doc. 75). Defendant's probation officer, PO Carreon, testified that Defendant admitted to violating the terms of his release by using marijuana and refusing to take his medications. *Id.* at 5-8.

The Magistrate Judge issued a Report and Recommendations recommending that Defendant's conditional release be revoked and that he be committed to the custody of the Attorney General for further hospitalization and treatment pursuant to 18 U.S.C. § 4246(f). (Doc. 53). The

Magistrate Judge based his recommendation on Defendant's failure to comply with the prescribed regimen of care, his refusal to stop using marijuana, and his refusal to participate in mental health and substance abuse treatment programs, all in violations of the conditions of his release. (Doc. 26). Defendant filed exceptions to the Report and Recommendation (Doc. 54) and the matter is ripe for review.

Defendant excepted to the Report and Recommendation on two bases. First, he argues the conclusions of the Report and Recommendation are not supported by substantial evidence and requests an y hearing before this Court to further develop the evidentiary record. After a careful and *de novo* review, the Court finds that substantial evidence supported the evidentiary findings contained in the Magistrate Judge's Report and Recommendation. The testimony of PO Carreon is credible and uncontroverted in the record, and the Court finds substantial evidence supports the finding that Defendant has intentionally, repeatedly, and on an ongoing basis violated the terms of his conditional release.

Second, Defendant argues the Report and Recommendation should not be adopted because the Magistrate Judge's denial of his motion for an independent mental evaluation (Doc. 50) violated due process. Defendant claims the Court must make a new determination as to whether he is committable under 18 U.S.C. § 4246. Defendant's last mental evaluation was on August 12, 2016, with the panel concluding that he met the conditions for civil commitment but that he was an appropriate candidate for release under a prescribed regiment of mental health care and treatment because under that prescribed regimen, he would not present a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness. (Doc. 20-1 at 12).

The government has not provided the Court with an updated risk assessment. However, the issue before the Court is not whether Defendant has recovered from his mental illness or whether he is eligible for release, but whether he violated the prescribed regimen of care that rendered him safe to others. As such, the Court does not find Defendant's objection persuasive. *See e.g. United States v. Woods,* 944 F. Supp. 778, 780 (D. Minn. 1996) (finding that at the revocation hearing the court may determine whether a mental examination is required or whether the statutory standard may be met without the need for a mental examination). This Court has previously found by clear and convincing evidence that Defendant "suffers from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and that commitment under § 4246 is appropriate.. There has been no evidence presented to the Court undermining that finding. The Court previously ruled that Defendant could be safely released to the community if, and only if, Defendant abided by the condition of his release. Defendant has not abided by those conditions, and as such remand to the custody of Attorney General is warranted.

Finally, while the Court is revoking Defendant's conditional release at this time, the Court notes that a risk assessment should be conducted upon his remand to the custody of the Attorney General for hospitalization and treatment pursuant to the provisions of 18 U.S.C. § 4246. If the risk assessment finds Defendant is suitable for conditional release, the government should promptly file the appropriate motion and seek a community placement that will ensure both Defendant's and the public's safety.

After reviewing the record before the Court, including the hearing transcript and the experts' evaluations of Defendant, the Court finds Defendant should be remanded to a suitable facility because, in light of his failure to comply with the prescribed regimen of medical,

psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 53), **GRANTS** the Government's Motion for Revocation of Conditional Release (Doc. 36), and **OVERRULES** Defendant's Exceptions (Doc. 54). Defendant's conditional release is hereby **REVOKED** and Defendant is **COMMITTED** to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(f).

**IT IS SO ORDERED.**

Dated: July 9, 2020                              _/s/ Douglas Harpool_____
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**

4